IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VORTEX PATHWAY LLC,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>FORTINET, INC.,<br><br>　　Defendant. | Case No. 2:16-cv-00952-JRG-RSP<br><br>JURY TRIAL DEMANDED |

### DECLARATION OF TODD NELSON

1.　My name is Todd Nelson.  I am employed by Fortinet, Inc. ("Fortinet") as Vice President, Legal.  I have held this position since June 21, 2005.

2.　My duties in this position include in-house legal representation for Fortinet across a broad range of legal disciplines, with an emphasis on intellectual property matters and corporate compliance.

3.　I reside in Los Altos, California and work at Fortinet's Sunnyvale, California office.

4.　The facts set forth in this declaration are based on my personal knowledge, on information contained in the business records of Fortinet, or on discussions with other Fortinet personnel with such knowledge.  If called as a witness, I could and would testify competently to these statements.

5.　Fortinet is a Delaware corporation with its headquarters and principal place of business in Sunnyvale, California.

6.　Virtually all of Fortinet's United States employees devoted to engineering, finance, operations, product management, and marketing work in Sunnyvale, California.

Numerous employees devoted to engineering, finance, operations, product management, and marketing also work in other Fortinet offices in California and Fortinet's Vancouver, Canada office.

7. The vast majority of Fortinet's senior management is in Sunnyvale, California. Indeed, decisions regarding marketing, sales, and pricing occur predominantly in Sunnyvale, California.

8. I understand that Plaintiff Vortex Pathway LLC ("Vortex") has accused Fortinet's FortiToken 300 product of infringing Vortex' patent.

9. The accused FortiToken 300 product is designed and manufactured by Fortinet's OEM in China and distributed to Fortinet through the OEM's subsidiary in Canada.

10. Numerous Fortinet employees with knowledge regarding the accused FortiToken 300—including employees who planned, commercialized, and marketed this product and senior employees in the sales, marketing, finance, and products divisions—work at Fortinet's Sunnyvale, California headquarters. Such employees include:

    a. Jim Bray, Director, Corporate Finance & Treasury, who has knowledge regarding Fortinet's financial records, costs, profits, etc., related to Fortinet's products;

    b. John Maddison, Vice President, Products and Solution, who has knowledge regarding the lifecycles of Fortinet's products;

    c. James Allen, Director of Product Marketing, who has knowledge regarding the marketing of Fortinet's products; and

    d. Koroush Saraf, Vice President of Product Management, who worked with Fortinet's OEM to bring the FortiToken 300 to market.

11. To the extent any quality control testing is performed on the accused FortiToken

300s destined for United States customers, such testing occurs in Sunnyvale, California.  In addition, all FortiToken 300s shipped in the United States are shipped from Sunnyvale.

12. The vast majority of documents in Fortinet's control or possession relating to the design, development, commercialization, and marketing of the accused FortiToken 300 product is stored on servers and computers in Sunnyvale, California.  These servers and computers are either physically present in Fortinet's Sunnyvale, California headquarters or can be, and routinely are, accessed from Fortinet's Sunnyvale, California headquarters.

13. While a few Fortinet employees work in Texas, and Fortinet rents office space in Plano, Texas, none of these employees were or are involved in the design, development, commercialization, and marketing of the accused FortiToken 300 product or have knowledge otherwise relevant to this case.  Instead, these employees are sales and customer service representatives who are responsible for products other than the FortiToken 300. I am not aware of any of these employees ever selling or answering questions regarding the accused FortiToken 300 product.

14. The FortiToken 300 product is not designed or manufactured in Texas, much less the Eastern District of Texas.

15. Fortinet has never filed a lawsuit in the Eastern District of Texas.

16. The accused FortiToken 300 product is available for purchase throughout the United States, including in the Northern District of California.

I declare under penalty of perjury that the foregoing is true and correct.  Signed this 28th day of April, 2017, in Sunnyvale, California.

*/s/ Todd Nelson*
Todd Nelson